IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN E. JOHNSON, # 430881,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>NURSE BONNK,  )<br>NURSE BARBARA,  )<br>NURSE KRISTI,  )<br>C/O SMITH,  )<br>C/O ZIRCHABACH,  )<br>and SECURUS,  )<br>)<br>Defendants.  ) | Case No. 18-cv-1260-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the St. Clair County Jail ("the Jail"). (Doc. 1, pp. 1, 7). He has since been released from the Jail. (Doc. 4). Plaintiff claims that the sick call system at the Jail is inadequate, and that Defendants were deliberately indifferent to a serious medical condition. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Although Plaintiff is no longer in the Jail, this requirement applies to the instant action because it was filed while he was a prisoner. *See Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998) (applicability of the Prison Litigation Reform Act (PLRA) is determined as of the date the lawsuit is brought). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may

1

be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

### The Complaint

Plaintiff states that the Jail has a kiosk on every cell block which has a sick call button for

inmates to use in order to submit a request for medical attention. (Doc. 1, p. 5). Several nurses, including Nurse Bonnie,[1] Nurse Barbara, and Nurse Kristi, instructed Plaintiff to use the kiosk sick call service. The system is provided by Securus. *Id.* Plaintiff used the kiosk procedure, but did not receive help for his medical problems. He believes that the nurse supervisor (Deborah Hale) stated that she did not think the system was working, because her office did not receive requests submitted through the kiosk. *Id.*

Plaintiff describes a particular incident where he dislocated or fractured a finger, and was in extreme pain. He told C/O Zirchabach and C/O Smith about the injury, submitted a sick call request to Bonnie, and sent a request through the kiosk. However, Plaintiff never received any medical attention for the finger injury. (Doc. 1, p. 5). Plaintiff and other inmates "set the bone straight" on their own, and made a cast out of t-shirts and string. *Id.* Plaintiff then soaked the finger in hot water each night for weeks, until the pain finally stopped on May 28, 2018.

At another unspecified time, Plaintiff had a swollen leg which made him unable to walk. Bonnie "refused to look into [his] issue." (Doc. 1, p. 5).

Plaintiff seeks monetary damages for the violations of his rights. (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that

---

[1] Plaintiff refers to Nurse "Bonnie" several times in his statement of claim. (Doc. 1, p. 5). The caption and list of Defendants, however, names what appears to be "Nurse Bonnk" as a party, and does not list "Bonnie." (Doc. 1, p. 1). When Plaintiff filed his change of address notice and his motion for leave to proceed *in forma pauperis*, he listed the lead Defendant as "Bonnie." (Docs. 4, 5). The Court will therefore assume that "Bonnk" is a misspelling and that both "Bonnk" and "Bonnie" refer to the same individual. As such, the Clerk shall be directed to list this party as "Nurse Bonnk/Bonnie" on the docket sheet.

3

is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Fourteenth Amendment deliberate indifference claim against Smith and Zirchabach, for failing to summon medical assistance for Plaintiff's injured finger;
>
> **Count 2:** Fourteenth Amendment deliberate indifference claim against Nurses Bonnk/Bonnie, Barbara, and Kristi, for failing to provide treatment for Plaintiff's medical conditions;
>
> **Count 3:** Fourteenth Amendment deliberate indifference claim against Securus, for failing to provide a functional sick call system in the St. Clair County Jail.

Counts 1 and 2 shall proceed for further consideration against some of the Defendants. Count 3 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 1 – Deliberate Indifference to Serious Medical Needs – Correctional Officers**

As Plaintiff notified the Court that he is no longer a prisoner at the Jail and provided a private residence address, the Court will presume that he was confined at the Jail as a pretrial detainee. (Doc. 4). Claims of deliberate indifference to a medical condition brought by pretrial detainees are considered under the Due Process Clause of the Fourteenth Amendment. *See Kingsley v. Hendrickson*, __U.S.__, 135 S. Ct. 2466, 2472 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). Nonetheless, the Seventh Circuit has historically applied the same standards to claims arising under the Fourteenth Amendment (detainees) and the Eighth Amendment (convicted prisoners). *See Smith v. Dart*, 803 F.3d 304, 309-10 (7th Cir. 2015); *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008); *Board v. Farnham*, 394 F.3d 469, 477-78 (7th Cir. 2005); *Ayoubi v. Dart*, No. 17-1662, 2018 WL 1445986, at *3 (7th Cir. March 23, 2018) (unpublished) (Fourteenth Amendment and Eighth Amendment standards "are virtually indistinguishable").

At this early stage, Plaintiff's broken or dislocated finger shall be considered to be a serious medical condition which satisfies the objective portion of a deliberate indifference claim. *See Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). The subjective component of such a claim requires a showing that a Defendant was aware of a substantial risk of harm from the inmate's medical condition, yet intentionally disregarded the risk. *Id.*

Applying these standards to Officers Zirchabach and Smith, Plaintiff states that he told both officers about his finger injury, but neither of them took any action to obtain medical treatment for Plaintiff. These allegations are sufficient to state a claim for deliberate indifference. Plaintiff may thus proceed with **Count 1** against Zirchabach and Smith.

**Count 2 – Deliberate Indifference to Serious Medical Needs – Nurses**

Plaintiff alleges that he informed Nurse Bonnie about his finger injury via "paper sick call," but she did not respond. Bonnie also refused to give Plaintiff any medical attention for his swollen leg when he could not walk on it. (Doc. 1, p. 5). The failure to provide any medical care for these conditions, after Plaintiff alerted Bonnie/Bonnk to his symptoms, may amount to deliberate indifference. Accordingly, the claim in Count 2 against Nurse Bonnie/Bonnk shall proceed for further consideration.

Nurses Barbara and Kristi shall be dismissed from the action, however. The only allegation Plaintiff makes against them is that they told him to use the kiosk service to submit sick call requests. When Plaintiff did so, he never got a response. A deliberate indifference claim requires a showing that the jail official actually knew that the plaintiff suffered from an objectively serious medical condition, yet failed to take steps to mitigate the risk of harm to the plaintiff from that condition. *Minix*, 597 F.3d at 831; *Jackson*, 300 F.3d at 764-65. If a

Defendant received a sick call request through the kiosk and then ignored it, Plaintiff could pursue a deliberate indifference claim against that person. However, Plaintiff's factual statement does not reflect that Nurse Barbara or Nurse Kristi were ever informed of his finger injury or swollen leg, thus the Complaint fails to state a deliberate indifference claim upon which relief may be granted against these two Defendants.

The nurses' instruction to Plaintiff to use the apparently inoperable sick call system on the kiosk may have been negligent on their part if they knew that the system did not work. However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference. *Jackson*, 300 F.3d at 764-65.

To summarize, **Count 2** shall proceed against Nurse Bonnk/Bonnie. Nurse Barbara and Nurse Kristi shall be dismissed from Count 2 without prejudice.

**Count 3 – Deliberate Indifference to Serious Medical Needs – Securus**

According to the Complaint, Securus is the service provider for the sick call request system on the cell block kiosks at the Jail. (Doc. 1, pp. 2, 5). Based on a comment attributed to the nurse supervisor, and Plaintiff's own experience of submitting requests that were never answered, he believes the kiosk sick call system does not function properly.

These allegations do not support a constitutional claim against Securus. A corporation can only be held liable in a § 1983 civil rights action if it had a policy or practice that directly caused the constitutional violation. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Even if Securus provided a faulty system, that does not amount to a practice or action that directly caused any of the individual Defendants to knowingly disregard Plaintiff's serious medical conditions. **Count 3** and Securus shall therefore be dismissed from the action without prejudice.

**Pending Motion**

While Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 5) indicates that he is indigent, it is incomplete. The motion does not include Plaintiff's inmate trust fund account statement from the 6-month period before he filed this suit (Nov. 1, 2017 through June 12, 2018), or the certification signed by the Jail's trust fund officer. The Clerk of Court instructed Plaintiff to provide this statement along with his IFP motion. (Doc. 2). Plaintiff mailed the motion from the Jail. (Doc. 5, p. 4). He included the blank certification form, on which he wrote that the trust fund officer "refused to sign" the form. (Doc. 5, p. 3).

Because Plaintiff filed this action while he was a prisoner, he is obligated to pay the entire filing fee of $400.00 (or $350.00 if his IFP motion is granted, *see* 28 U.S.C. § 1914, No. 14). *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). The Court must have the inmate trust fund statement in order to calculate Plaintiff's initial partial filing fee payment in accordance with § 1915(b)(1). *See Robbins v. Switzer*, 104 F.3d 895, 897-98 (7th Cir. 1997). Those records should still be available from the Jail, and Plaintiff must provide them.

Now that Plaintiff is no longer in the Jail, he must also submit an updated motion for leave to proceed IFP showing his current income, resources, and financial obligations, in order for the Court to assess his ability to pay the remainder of the filing fee beyond the amount of his initial partial payment.

**IT IS THEREFORE ORDERED** that Plaintiff shall submit his inmate trust fund statement (or institutional equivalent), along with the certification completed by the Trust Fund Officer at the St. Clair County Jail for the period of Nov. 1, 2017 through June 12, 2018, within 45 days of the date of this Order (on or before **August 27, 2018**). Failure to do so will result in

dismissal of this action for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The Court **RESERVES RULING** on Plaintiff's original motion for leave to proceed IFP (Doc. 5) until the trust fund information is received.

The Clerk is **DIRECTED** to mail a copy of this Order and the certification form to the Trust Fund Officer at the St. Clair County Jail, and to mail a blank certification form to Plaintiff along with his copy of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall submit a new motion for leave to proceed IFP, reflecting his current income, resources, and financial obligations, within the same 45-day deadline listed above.

In order to assist Plaintiff in complying with this order, the Clerk is **FURTHER DIRECTED** to mail Plaintiff a blank form motion for leave to proceed IFP.

## Disposition

The Clerk is **DIRECTED** to modify the listed name on the docket of Defendant **NURSE BONNK** to **NURSE BONNK/BONNIE**.

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **NURSE BARBARA, NURSE KRISTI,** and **SECURUS** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **NURSE BONNK/BONNIE, C/O SMITH,** and **C/O ZIRCHABACH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and

return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 12, 2018**

s/J. Phil Gilbert
United States District Judge